Filed 2/9/23  P. v. Toschi CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL KEFFE SHELLEY TOSCHI,<br><br>Defendant and Appellant. | C095977<br><br>(Super. Ct. Nos.<br>19CF03379, 21CF04876) |

Defendant Michael Keffe Shelley Toschi pleaded no contest to bringing contraband into a jail, and the trial court placed him on probation.  Defendant subsequently pleaded no contest in two separate cases.  The trial court terminated defendant's probation and sentenced him according to the stipulated sentence to which the parties had agreed, including an upper term in the first case.

On appeal, defendant argues he is entitled to remand for the retroactive application of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill

1

567),[1] which amended Penal Code section 1170[2] to limit the trial court's discretion to impose the upper term (§ 1170, subd. (b)(1), (2)) and mandated imposition of the lower term in certain circumstances, including where the offender is under 26 years old at the time of the offense or has experienced physical, psychological, or childhood trauma contributing to the commission of the offense. (§ 1170, subd. (b)(6).) The People concede the issue. Because defendant stipulated to the upper term as part of a plea deal, we reject the People's concession. We will order the trial court to correct a clerical error in the abstract of judgment and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Case No. 19CF03379 (case No. 3379)*

In May 2019, defendant drank alcohol, smoked marijuana, and fell asleep in his car for two hours. As he was driving home, he hit two parked cars. Scared, he fled the scene. Defendant told a responding police officer that his name was "Eric Smith" and produced a driver's license with the same name. After defendant was arrested and placed in a holding area at the local police department, he dropped some benzodiazepine pills on the floor and crushed them with his feet. Defendant was 24 years old at the time.

In July 2019, defendant was charged with bringing contraband into a jail (§ 4573, subd. (a)—count 1); felony attempted false personation (§§ 664, subd. (a), 529, subd. (a)(3)—count 2); and misdemeanor hit-and-run driving resulting in property damage. (Veh. Code, § 20002, subd. (a)—count 3.) As to count 1, it further was alleged defendant suffered a prior strike (§§ 667, subds. (b)-(j), 1170.12) and had served a prior prison term. (§ 667.5, subd. (b).)

---

[1] Senate Bill 567 was enacted after Assembly Bill No. 124 and incorporated Assembly Bill No. 124's amendments to section 1170. (Stats. 2021, ch. 731, § 3(c).)

[2] Undesignated statutory references are to the Penal Code.

In July 2020, defendant pleaded no contest to counts 1 and 3. The remaining allegations were dismissed with a *Harvey*[3] waiver. During the October 2020 sentencing hearing, the prosecutor argued the upper term was appropriate because defendant was on parole at the time of the offenses, had previously committed four prior felonies and five prior misdemeanors, and had never successfully completed a grant of probation. In addition, with respect to the current charges, defendant committed multiple hit-and-run offenses, lied to the police officer, and tried to destroy drugs while he was in custody. Defense counsel responded that defendant suffered from substance abuse and had been trying to destroy the drugs rather than smuggle them into the jail. In addition, defendant had completed outpatient drug treatment and had been sober for nearly one year, and he now had steady employment. The court ordered three years of probation and imposed various fines and fees.

B.     *Case No. 21CF04876 (case No. 4876)*

In September 2021, defendant was charged with forgery of a prescription (Bus. & Prof. Code, § 4324, subd. (a)—count 1); possession of a false prescription blank (*id.* at § 4325, subd. (a)—count 2); and misdemeanor possession of a controlled substance. (Health & Saf. Code, § 11375, subd. (b)(2)—count 3.) With respect to count 1, it further was alleged that defendant suffered a prior strike. (§§ 667, subds. (b)-(j), 1170.12.)

In December 2021, defendant pleaded no contest to count 1. The remaining allegations were dismissed with a *Harvey* waiver.

C.     *Case No. 21CF05778 (case No. 5778)*

In November 2021, defendant was charged with child abuse (§ 273a, subd. (a)—count 1); felony falsifying a registration card, license, license plate, permit, or evidence of vehicle ownership (Veh. Code, § 4463, subd. (a)(1)—count 2); and misdemeanor

---

[3]     *People v. Harvey* (1979) 25 Cal.3d 754.

driving under the influence. (Veh. Code, § 23152, subd. (f)—count 3.) As to counts 1 and 2, it further was alleged defendant suffered a prior strike. (§§ 667, subds. (b)-(j), 1170.12.)

In December 2021, defendant pleaded no contest to count 3. The remaining allegations were dismissed with a *Harvey* waiver.

D.     *Sentencing on all three cases*

In March 2022, the court found defendant had violated probation in case No. 3379. During the sentencing hearing, the court noted that as part of defendant's plea deal, the parties had stipulated to an aggregate state prison term for all three cases of four years eight months, which included an upper term in case No. 3379. The trial court sentenced defendant as follows: (1) in case No. 3379, the upper term of four years for count 1 (§ 4573, subd. (a)), plus six months concurrent for count 3 (Veh. Code, § 20002, subd. (a)); and (2) in case No. 4876, eight months (or one-third the midterm) consecutive for count 1. (Bus. & Prof. Code, § 4324, subd. (a).) The court also imposed various fines and fees.

Defendant filed timely appeals from case Nos. 4876 and 3379. He did not request a certificate of probable cause in either appeal.

DISCUSSION

I

At the time of defendant's sentencing in 2022, Senate Bill 567 had come into effect and section 1170, subdivision (b) required trial courts to impose no more than the middle term unless there are aggravating circumstances that have been (1) stipulated to by the defendant; or (2) found true beyond a reasonable doubt by a jury or judge. (§ 1170, subds. (b)(1), (2).) The court may consider the defendant's prior convictions during sentencing based on a certified record of conviction. (§ 1170, subd. (b)(3).) In addition, section 1170 now makes the low term of imprisonment the preferred sentence when the person was a youth (i.e., younger than 26 years old) at the time the offense was

4

committed.  (§§ 1170, subds. (b)(6), (b)(6)(B), 1016.7, subd. (b).)  Under such circumstances, a trial court "shall order imposition of the lower term" when the person's youth was a contributing factor in the commission of the offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice."  (§ 1170, subd. (b)(6).)  Section 1170 also requires a court to state on the record the reasons for its sentencing choice at the time of sentencing.  (§ 1170, subd. (c).)

Defendant argues remand for resentencing is required because the trial court imposed the upper term as part of his four-year eight-month sentence even though there was no fact in aggravation that was stipulated to by defendant or found true beyond a reasonable doubt by a jury or the judge.  Defendant further argues the upper term was improper because he was a youth at the time of the offense in case No. 3379.  Defendant acknowledges that he stipulated to the upper term as part of his negotiated plea agreement, but argues his plea agreement cannot avoid the requirements of the amended section 1170, subdivision (b).  We disagree.

The plain language of the amendatory language in section 1170 relates to the discretion involved when the court fashions and imposes a sentence, and not the parties' ability to negotiate a stipulated term.  (See § 1170, subd. (b)(6) [stating the court shall impose the lower term unless the court finds the interests of justice demand otherwise]; see also § 1170, subd. (b)(2) [discussing the court's ability to exercise its discretion to exceed the middle term in imposing a sentence].)  Here, because the plea agreement included a stipulated sentence that included an agreed-upon upper term, the trial court was never called upon to exercise any discretion in fashioning a sentence.  Nor could it do so.

A negotiated plea is a contract.  (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) " ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties,

5

including the state, must abide by the terms of the agreement." ' [Citations.]" (*People v. Segura* (2008) 44 Cal.4th 921, 930-931.)  The trial court may decide not to approve the terms of a plea agreement negotiated by the parties if it does not believe the agreed-upon disposition is fair, but it cannot change that bargain or agreement without the consent of both parties.  (*Id*. at p. 931.)  If the court accepts the plea, "the court may not proceed as to the plea other than as specified in the plea."  (§ 1192.5, subd. (b).)

Here, the trial court followed the rules applicable to negotiated pleas and conducted no analysis of aggravating and mitigating circumstances.  The court proceeded to sentence defendant consistent with the agreed-upon terms of the sentence.  Under these circumstances, the trial court could not both accept the plea agreement and make a discretionary sentencing choice under section 1170, subdivision (b), making Senate Bill 567's amendment of section 1170 inapplicable to this case.

We find the logic of *People v. Brooks* (2020) 58 Cal.App.5th 1099, which involved a similar situation, persuasive.  There, the defendant agreed to a stipulated sentence in a plea agreement.  (*Brooks, supra*, at p. 1102.)  After he was sentenced, the Legislature enacted section 1170.91, which required the trial court to consider retroactively trauma the defendant suffered as a result of military service as a factor in mitigation when imposing a sentence under section 1170.  (*Brooks*, at pp. 1102-1103.)  The trial court denied the defendant's petition to recall his sentence pursuant to this new law, finding it had no power to resentence defendant because he had agreed to a stipulated term in his plea agreement.  (*Ibid*.)  The appellate court affirmed, reasoning that because the defendant stipulated to the term of his sentence in his plea agreement, the trial court did not apply any judicial discretion at the time it sentenced him.  (*Id*. at pp. 1102, 1106-1107.)  In addition, it had no discretion on resentencing, because to do so would unlawfully modify the terms of his plea agreement.  (*Ibid*.)  Once the trial court accepted the plea agreement, it was required to impose a sentence within the limits of that plea bargain.  (*Id*. at p. 1106.)  As a result, when the court sentences the defendant to that

6

stipulated term, it is not exercising its triad sentencing discretion. (*Id*. at p. 1107.) Put another way, " 'when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not "imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).)' " (*Brooks*, at p. 1109.)

Here, the record reflects that the parties agreed to a stipulated sentence of four years eight months, which included the upper term of four years on count 1 in case No. 3379. The trial court accepted that plea agreement and did not exercise its discretion to impose the lower, middle or upper term sentence under section 1170, subdivision (b). Instead, the trial court lacked discretion to sentence defendant to anything but the agreed-upon term. As such, the retroactive changes brought about by the enactment of Senate Bill 567 do not affect his sentence, and remand for resentencing is not required.

II

The parties note that the abstract of judgment incorrectly records defendant's conviction in case No. 4876 for forgery of a prescription as a violation of *Penal* Code section 4324, subdivision (a). We will order the trial court to correct the abstract of judgment to reflect the correct code, namely, *Business and Professions* Code section 4324, subdivision (a). (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [reviewing court may order a trial court to correct an abstract of judgment to reflect the oral pronouncement of judgment].)

DISPOSITION

The trial court is directed to prepare an amended abstract of judgment identifying the conviction in case No. 4876 as pursuant to Business and Professions Code section

7

4324, subdivision (a) and to forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is affirmed.


      KRAUSE      , J.


I concur:


      EARL      , J.

DUARTE, J., dissenting.

The majority rejects the Attorney General's concession that remand for resentencing is required, relying on authority that simply does not apply to the statutory subdivision at issue here, amended Penal Code section 1170, subdivision (b)(6).[1] I agree with the parties' shared conclusion that remand is required; accordingly, I dissent.

As the majority correctly notes, Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) amended section 1170 to limit the trial court's discretion to impose the upper term (§ 1170, subds. (b)(1), (2)) and mandated imposition of the lower term in certain circumstances, including where, as here, where the offender is under 26 years old at the time of the offense. (§ 1170, subd. (b)(6); maj. opn., *ante*, p. 2.) Defendant was 24 years old at the time of his crimes; thus, there is no dispute that but for his pre-amendment stipulation to the upper term, a lower term sentence would be mandated absent the findings required by the statute, i.e., that imposition of the lower term would be contrary to the interests of justice.

Although the majority applies *People v. Brooks* (2020) 58 Cal.App.5th 1099 to the situation here (maj. opn., *ante*, pp. 6-7), I do not. I do not disagree with the *Brooks* court's conclusion, but I disagree with the majority here that the specific statutory subdivision at issue in this case is analogous to the statute discussed in *Brooks*.

As the majority points out, section 1170.91 merely requires the trial court to "consider the circumstance [of military service] as a factor in mitigation when imposing a term under subdivision (b) of Section 1170." (Maj. opn., *ante*, p. 6.) I do not disagree that this requirement of discretionary consideration is arguably analogous to section 1170, subdivision (b)(1), which provides that "the court shall, in its sound discretion,

_____

[1] Further undesignated statutory references are to the Penal Code.

1

order imposition of a sentence not to exceed the middle term," absent certain requirements of proof to which the parties are expressly permitted to stipulate.

But section 1170, subdivision (b)(6) is different, and expressly excludes the discretionary language of subdivision (b)(1), providing that "notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term."  And, unlike 1170.91--the statute at issue in *Brooks*--subdivision (b)(6) of section 1170 does not require mere consideration of a factor in mitigation, it requires imposition of a low-term sentence absent a specific interests of justice finding that was neither made nor stipulated to here.

For these reasons, I respectfully dissent from the majority's refusal to accept the Attorney General's concession that remand for resentencing is required in this case.


                                                         DUARTE         , Acting P. J.